*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CKT ENTERPRISES LLC,

      Plaintiff/Counterdefendant-Appellant,

v

SHIREE BROADEN,

      Defendant/Counterplaintiff/Third-Party Plaintiff-Appellee,

and

THARRON HILL, CASSANDRA HILL, and MILTON TINNON,

      Third-Party Defendants.

UNPUBLISHED
July 28, 2026
12:14 PM

No. 375702
Wayne Circuit Court
LC No. 22-013849-CH

Before: GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Plaintiff, CKT Enterprises, LLC (CKT), appeals as of right the trial court's order denying defendant's, Shiree Broaden's, motion for summary disposition of the remaining claims in her countercomplaint and closing the case. On appeal, CKT challenges the trial court's earlier ruling granting Broaden's motion for summary disposition of the first count of her countercomplaint and quieting title in her favor. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a loan Broaden made to third-party defendant Milton Tinnon. In June 2021, Tinnon executed a quitclaim deed (the Broaden Deed) of his property at 14681 Archdale St, Detroit, MI 48219 (the property), to Broaden "for the full consideration of" $20,000. Broaden and Tinnon also executed a document, presumably an attachment to the Broaden Deed, entitled "Exhibit 'A.' " Exhibit "A" provides, in its entirety: "My property at 14681 Archdale will

be used as security for 20,000.00 dollars in return Shiree Broaden will received [sic] 100% return on 20,000.00 dollars that will be paid back [i]n about 30 days." Broaden alleged in her countercomplaint that the agreement was if Tinnon failed to pay Broaden back within 30 days, Broaden could record the deed and take possession and ownership of the property. Tinnon subsequently quitclaimed the same property to third-party defendants Tharron Hill and Cassandra Hill (the Hill Deed), but this deed was never recorded.

After waiting almost a year without repayment, Broaden recorded the Broaden Deed on May 5, 2022. Shortly thereafter, on May 11, 2022, Tinnon executed a third quitclaim deed of the property to CKT (the CKT Deed). CKT recorded the CKT Deed on May 23, 2022. It then initiated this lawsuit seeking to quiet title and declaratory relief, arguing that Tinnon and Broaden intended the Broaden Deed to be a mortgage, and, therefore, Broaden's recording of the Broaden Deed clogged Tinnon's equity of redemption. Broaden filed a countercomplaint seeking to quiet title in her own name, among other remedies.

In their competing motions for summary disposition, CKT and Broaden disagreed as to whether the Broaden Deed was an equitable mortgage or an absolute conveyance. The trial court found there was no genuine issue of material fact that the Broaden Deed was an absolute conveyance. It denied CKT's motion and granted Broaden's motion, dismissing CKT's complaint with prejudice.[1] It also quieted title in the property in Broaden's name. CKT now appeals.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *Id*. at 160 (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

> In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v*

---

[1] This did not close the case because there remained other remedies sought in Broaden's countercomplaint that had not yet been addressed. These remedies are irrelevant to the issues on appeal.

*Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

### III. ANALYSIS

CKT argues that the trial court erred by denying its motion for summary disposition and granting Broaden's motion for summary disposition. We disagree with CKT's argument regarding its own motion, but agree that the trial court erred by granting Broaden's motion.

In her motion for summary disposition, Broaden argued that the Broaden Deed was not a mortgage because "[t]he rule is ancient and familiar that a deed cannot be delivered in escrow to the grantee." *Dyer v Skadan*, 128 Mich 348, 354; 87 NW 277 (1901) (quotation marks and citation omitted). But she did not acknowledge below what she does on appeal: that, notwithstanding this general rule, "[i]t is well settled that a court of equity can declare a deed absolute on its face to be a mortgage." *Grant v Van Reken*, 71 Mich App 121, 125; 246 NW2d 348 (1976). "[E]quitable mortgages are generally found when what appears to be an absolute conveyance on its face was actually intended as a mortgage." *Burkhardt v Bailey*, 260 Mich App 636, 659; 680 NW2d 453 (2004). "An equitable mortgage places the substance of the parties' intent over form." *Id*. "[T]he one who asserts that an absolute conveyance is a mortgage bears a heavy burden of proof and he who invokes this equitable doctrine must furnish a preponderance of evidence whereby it is made 'very clear' to the fact finder that the parties did not contemplate an absolute sale." *Grant*, 71 Mich App at 126. "Although no set criterion has been established, the controlling factor in determining whether a deed absolute on its face should be deemed a mortgage is the intention of the parties." *Koenig v Van Reken*, 89 Mich App 102, 106; 279 NW2d 590 (1979).

Broaden's sweeping argument in her motion for summary disposition failed to address the interplay between Michigan's general rule against conveying a deed in escrow to a grantee and the trial court's authority to declare the Broaden Deed an equitable mortgage. CKT's complaint claimed that the Broaden Deed was an equitable mortgage. Thus, as the moving party seeking summary disposition of CKT's complaint, Broaden had the initial burden of proof of demonstrating that the Broaden Deed was not an equitable mortgage. *Quinto*, 451 Mich at 362. By failing to address the equitable-mortgage aspect of CKT's claim whatsoever, Broaden did not satisfy this burden.

Even if we were to interpret Broaden's motion as one seeking summary disposition "as a result of the nonmoving party's failure to produce evidence sufficient to demonstrate an essential element of its claim[,]" *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 9; 890 NW2d 344 (2016), summary disposition was still not warranted. Although CKT did not depose or otherwise provide any testimony from Tinnon regarding his intentions with respect to the Broaden Deed, it did provide documentary evidence in support of its claim that the Broaden Deed was intended to be an equitable mortgage. CKT provided Exhibit "A," which explicitly provides that the property "will be used as security" for the $20,000 loan. Broaden's counsel represented to the trial court that Broaden signed this document. Accordingly, CKT provided sufficient documentary evidence to create a genuine issue of material fact regarding whether Broaden and Tinnon intended the exchange to be a mortgage.

Broaden did not submit any affidavits or sworn testimony challenging Exhibit "A" or claiming that she bore no such intent. CKT's failure to depose Tinnon aside, there was sufficient evidence submitted in support of CKT's claim that the parties intended that the Broaden Deed be used as security for a loan. Broaden mischaracterizes CKT's argument as being that whenever "a grantor delivers a deed to a grantee and the grantee delivers money in return an equitable mortgage is *always* created as a matter of law in *every* case." But CKT actually argues that a deed delivered to a grantee *as security for a loan* creates an equitable mortgage. "A mortgage is a conveyance of an interest in real estate to secure the performance of an obligation, typically a debt." *In re Claim for Surplus Funds*, 328 Mich App 313, 317-318; 937 NW2d 394 (2019) (quotation marks, brackets, and citation omitted). Thus, evidence that the parties intended a deed to serve as security for a debt is sufficient to support a party's claim that the deed should be declared an equitable mortgage. See, e.g., *Selik v Goldman Realty Co*, 240 Mich 612, 614; 216 NW 422 (1927) (holding that, if the deed was given as security for a loan, it was a mortgage). Because Exhibit "A" provided such evidence of the parties' intent, and Broaden did not submit any evidence to challenge the instrument, a genuine issue of material fact remains, and the trial court erred when it granted summary disposition and quieted title in Broaden's favor.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[2] On appeal, Broaden claims that CKT lacks standing. But Broaden waived this argument by failing to raise it in her first responsive pleading. *Pego v Karamo*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 371299); slip op at 15.

Broaden also argues that CKT is precluded from claiming any rights to the property in this case under the doctrine of unclean hands. "The unclean-hands doctrine is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief[.]" *New Prods Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614, 627; 953 NW2d 476 (2019) (quotation marks and citation omitted). Broaden admits that there is "no record evidence stablishing Appellant CKT's collusive participation in the fraud," but nonetheless argues that this Court "should not turn a blind eye to the fact that the person defrauding the parties was 'friends' and 'very well acquainted' with Appellant CKT[,]" and that CKT "refused to depose its con man friend despite the lower court's plea from the bench that Appellant CKT do so." This Court is an error-correcting court. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018). Broaden's request for this Court to engage in its own factfinding, particularly considering the fact that the trial court did not address the issue in the first instance, is improper. If Broaden wishes to pursue this issue further, she may do so in the trial court on remand.